**Claire COOPER, Plaintiff**
vs.
**John D. PRATT, Defendant**
No. 41758

**Sandra BRUNETTA, Plaintiff**
vs.
**William T. HOGAN, Defendant**
No. 79-536

**Patricia FURTADO, Plaintiff**
vs.
**John D. PRATT, Defendant**
No. 1736

**Jeanne DEVER, Plaintiff**
vs.
**John PRATT, et al., Defendants**
No. 34640

**Antonetta REPICI, Plaintiff**
vs.
**John PRATT, et al, Defendants**
No. 38941

Superior Court/Suffolk, ss.
Commonwealth of Massachusetts

**February 2, 1983**

Nancy Borofsky, counsel for plaintiff. Francis X. Bellotti, A.G., and William L. Pardee, Asst. A.G., counsels for defendant.

## CONSOLIDATED FINDINGS, RULINGS AND ORDER

### Introduction

The plaintiff parents in these cases seek judicial review, pursuant to G.L. c. 30A, sec. 14, of the determinations of the defendant Department of Public Welfare that plaintiffs' children are not eligible for payments under the joint federal/state Aid to Families with Dependent Children (AFDC). Plaintiffs' AFDC grants were reduced or eliminated because the custody of one or more of their children was transferred to the Department which then placed the children in residential schools.

Plaintiffs claim that the reductions in or elimination of AFDC were made without consideration of the need and dependency of the children during regular weekend and vacation visits with plaintiffs and such decisions and regulations which require this result are arbitrary, in violation of federal and state law, congressional and legislative intent and the due process and equal protection clauses of the United States Constitution.

Defendant Commissioner of Public Welfare answers that in reducing or eliminating AFDC to plaintiffs he was acting pursuant to 106 Code of Massachusetts Regulations 305.500 and that the regulation is consistent with the federal and state legislative intent.

### Findings of Fact

Plaintiffs in these cases are parents of children who have been placed, voluntarily or involuntarily, in the custody of the Department, at which time the AFDC payments for those children were terminated. The children have been placed in residential schools by the Department and have their expenses, incurred while at their schools and in transit, paid by the Department. The children are encouraged, and often required, by the schools to visit with their parents for weekends, holidays and vacations in order that familial bonds may be preserved. The practices and expenses of the schools reflect the decrease in their resident populations during those periods.

· The parents, on the other hand, incur regular expenditures in connection with their childrens' frequent visits, e.g., rent for extra bedrooms, food, entertainment and other incidental expenses. The Department, upon request, pays $1.80 per day in food vouchers for these short-term visits. 106 CMR 304.500. For home visits of more than thirty days, the Department restores AFDC eligibility. 106 CMR 305.520. The Department also provides the children with monthly clothing and personal allowances. The funds available from the Department to meet the needs of the children while at home are clearly

insufficient and there is therefore a disincentive for their parents to have their children home on a regular basis.

**Rulings of Law**

Two recent decisions on nearly identical fact patterns support plaintiffs' claim. **McCarthy v. Commissioner of Public Welfare,** 8 Mass. App. Ct. 600 (1979) and **Civetti v. Hogan,** Suffolk Superior Ct., Civil No. 48034 (Sept. 20, 1982). The Department attempts to distinguish **McCarthy** on the ground that certain regulatory changes have been made since that case was decided, specifically, that 106 CMR 305.500 was promulgated. While this distinction is true, it is not decisive. The Court in **McCarthy** was primarily concerned with the conflict between the Department's interpretation of its former regulation and the Congressional intent regarding the purpose of AFDC embodied in 42 U.S.C. sec. 601 (1976) and the General Court's legislative intent embodied in G.L. c. 118, sec. 2.

The **McCarthy** court aptly describes the purpose of AFDC as "enabling each State to furnish financial assistance . . . to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life . . ." 42 U.S.C. sec. 601 (1976) cited in **McCarthy, supra,** at 609.

The Department's regulation, which is merely a codification of the interpretation overruled in **McCarthy** plus the food voucher provision, is subject to the same critique. As Justice Brown stated in his concurring opinion, the Department's position would not only "be inconsistent with the statutory scheme, but it would create a perverse result because, instead of strengthening the familial relationships, it would tend to drive certain family members apart—a phenomenon which our present society can ill afford to foster." **McCarthy, supra,** at 610. The **Civetti** decision, which was decided after the promulgation of 106 CMR. 305.500, confirms the illegality of the Department's approach.

While the letter of Joseph P. Mirabella,

Assistant Regional Commissioner for Family Assistance for the U.S. Dept. of Health and Human Services, claiming that 601 CMR 305.500 is consistent with federal regulations is helpful, it is neither controlling nor persuasive. The crucial question here is the compatability of the state regulation and legislative policy and that is a question for the courts to determine. See **U.S. v. New England Coal & Coke Co.,** 318 F.2d 138 (1st Cir. 963).

Likewise, the **McCarthy** court's holding that parents of children placed in residential schools by the Department and denied AFDC benefits are denied equal protection vis-a-vis children who are placed in such schools by their parents and are therefore still eligible for AFDC benefits, retains its vitality. The Department argues that different circumstances in the two classes of children justifies the unequal treatment. This argument is inconsistent with the facts. The Department cites the difference in custody and supervision of the children, for plaintiffs' children custody is said to be the responsibility of the Department while children placed by their parents remain the responsibility of the parents. This distinction breaks down precisely at the point when the children return to their parents' home. While the Department claims it has continuing responsibility for these children, it has failed to carry that responsibility and therefore has made a **de facto** grant of responsibility to plaintiffs.

Similarly, the Department complains that it provides financial support for plaintiffs' children through its contracts with their schools, unlike the other children who receive only AFDC benefits, and therefore plaintiffs' children would receive unlawful, overlapping benefits. However, it is clear that the monies paid to the schools is inadequate to meet the needs of the children on their home visits and such needs are not reflected in the contracts.

In sum, the Department has not shown why the **McCarthy** decision should not control this case and this Court finds and

rules that the Department's actions are in conflict with state and federal legislative intent and in violation of the due process and equal protection clauses of the United States Constitution.

**Order for Judgment**

The decision of the defendant Department of Public Welfare holding that the plaintiffs are not eligible for AFDC benefits for children placed by Defendant in residential schools is hereby vacated and these cases are remanded to the Department for actions consistent with this decision and the decision of the Appeals Court in **McCarthy, supra,** page 609, including payment of appropriate retroactive benefits.

Paul G. Garrity
Justice of the Superior Court